Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
901 N. Monroe, Ste 356
Spokane, WA  99201
Telephone:   509-327-2224
Facsimile:   509-327-3374 Fax
Email:        bobmitchellaw@yahoo.com

*Attorney for Plaintiffs, SONJA AND DAVID RIECK*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| SONJA AND DAVID RIECK, and the marital community comprised thereof,<br><br>Plaintiff,<br><br>v.<br><br>RENTON COLLECTIONS, INC., a Washington corporation, and WENDY E. RETACCO, a Washington State Attorney,<br><br>Defendants. | NO.<br><br>PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT, *INTER ALIA* |

COME NOW, Plaintiffs, SONJA AND DAVID RIECK, by and through their counsel, ROBERT MITCHELL, and complain against the Defendants as follows:

PLAINTIFFS' COMPLAINT                    1

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

# I.    STATEMENT OF THE CASE

This is an action for injunctive relief to prevent further harm to Plaintiffs and to prevent future harm to other Washington consumers and debtors.

# II.    PARTIES

2.1    Plaintiffs, SONJA AND DAVID RIECK, are residents of Island County, Washington.

2.2    Plaintiffs obtained and used credit from BECU primarily for personal, family, and household purposes.

2.3    Plaintiffs are therefore "debtor(s)" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (CAA), and "consumers" as defined by the Consumer Protection Act (CPA), and Plaintiffs acted as "debtor(s)" and "consumer(s)" at all times relevant to this litigation.

2.4    Because Plaintiffs defaulted on the account, the original creditor assigned the account to Defendant, RENTON COLLECTIONS, INC., for collections.

2.5    Defendant, RENTON COLLECTIONS, INC., is a debt collector and a Washington Corporation licensed to conduct business under Washington UBI NO. 600419968.

2.6    Defendant, RENTON COLLECTIONS, INC., is a collection agency which regularly collects third party debts.

2.7    Defendant is considered a "debt collector" as defined by the FDCPA, "collection agency" as defined by the CAA, and "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.8    Defendant, attorney WENDY RETACCO, is an attorney with Retacco Law Offices, Inc., P.S.

PLAINTIFFS' COMPLAINT                    2

2.9    Defendant, attorney WENDY RETACCO, is a debt collection attorney who regularly collects third party debts for Defendant, RENTON COLLECTIONS, INC.

2.10    Defendant, attorney WENDY RETACCO, is considered a "debtor collector" under the provisions of the Fair Debt Collection Practices Act.

2.11    Defendant, attorney WENDY RETACCO, signed and filed a collection lawsuit against Plaintiffs, on behalf of Defendant, RENTON COLLECTIONS, INC., in attempt to collect the debt at the heart of this litigation.

2.12    Both Defendants made attempts to collect the debt at the heart of this litigation.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominant issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiffs occurred in this district, and where Plaintiffs are residents of this district, and where the Defendants conduct substantial business in this district, and where Defendants submitted to this jurisdiction by filing a collection lawsuit against Plaintiffs in this jurisdiction. (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2    Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. §1692, et seq., as well as other applicable federal and state laws.  Defendants are also liable unto Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

PLAINTIFFS' COMPLAINT                    3

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224       Fax (509) 327-3374

## IV.   FACTS

4.1     Defendants allege that Plaintiffs requested, obtained, used, and defaulted on credit from BECU.

4.2     Thereafter, BECU assigned the defaulted account to Defendant, RENTON COLLECTIONS, INC., for collections.

4.3     Defendants immediately added $4,320.58 in "Collection Costs" to the amount of the debt.

4.4     Plaintiffs believe and therefore aver that neither Defendants, nor the original creditor, incurred $4,320.58 in "Collection Costs" prior to filing the collection lawsuit against Plaintiffs.

4.5     Nevertheless, Defendant, attorney Wendy Retacco, on behalf of Defendant, Renton Collections, filed a lawsuit with the Island County District Court which states as follows:

> Plaintiff prays judgment against defendants and of each of them separately and their marital community for $29,708.44 principal and $1,589.73 interest to date, plus interest until paid, plus court costs, collection costs, NSF fees, and attorney fees as set by the court. Estimated costs: $73.00 Filing Fees: $30.00 Service Fee; $200.00 Attorney Gee if not contested; **$4,320.58 Collection Costs**….The undersigned verifies he/she believes the foregoing is true.

4.6     The complaint was signed by Defendant, attorney Wendy Retacco.

4.7     The "Collection Costs" of $4,320.58, were not incurred prior to filing of the complaint.

4.8     Defendants simply arbitrarily increased the amount of the debt by $4,320.58.

PLAINTIFFS' COMPLAINT                    4

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

4.9     In addition to the above, Defendants had direct communications with Plaintiffs despite having absolute knowledge that Plaintiffs are represented by an attorney.

4.10    Plaintiffs were represented by The Iniguez Law Firm regarding the debt.

4.11    On November 13, 2009, and on January 10, 2010 Plaintiffs' attorney sent Defendants a letter which stated in pertinent part: "This law firm represents the above referenced consumer….our client disputes the claim and requests verification….demand is made that you immediately cease all attempts to contact our client by letter or by phone, at home or at our client's place of employment…."

4.12    Nevertheless, despite the above letter of representation and request to cease communications with Plaintiffs, Defendants communicated by letter which was mailed directly to Plaintiffs on or about February 19, 2010.

4.13    Defendants' communication caused Plaintiffs anxiety, stress, and frustration.

4.14    Defendants' communication caused Plaintiffs to take time away from work and other economically productive activities to address Defendant's collection attempts, despite the fact that Plaintiffs had already hired an attorney to represent them in the matter.

## V.     <u>FAIR DEBT COLLECTION PRACTICES ACT VIOLATION</u>

### <u>(Application of the Statute)</u>

5.1     Plaintiffs re-allege paragraphs 1 through 4, inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                    5                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

5.2    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

5.3    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

5.4    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

5.5    Defendant, Renton Collections, Inc., is, without a doubt, a "debt collector" as defined by the FDCPA.

5.6    Additionally, an attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent.  (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice.  He was regularly collecting consumer debts because that volume was great enough to meet the threshold.).

PLAINTIFFS' COMPLAINT                    6                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

5.7    Given the above, Defendant, attorney Wendy Retacco, is without a doubt a "collection attorney" or "debt collector" because her practice involves a high volume of collection lawsuits filed on behalf of Defendant, Renton Collections, Inc.

5.8    Therefore, the FDCPA applies in this case because the Plaintiffs are "debtor(s)," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant collection agency is a "debt collector," and the Defendant attorney is a "collection attorney," both of which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Communication Violations)

6.1    Plaintiffs re-allege paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – if the debt collector knows the consumer is represented by an attorney with respect to such debt…. 15 U.S.C. §1692c(a)(2).

6.3    The FDCPA further states in pertinent part:

PLAINTIFFS' COMPLAINT                7                Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…. 15 U.S.C. §1692c(c).

6.4    In this case, Plaintiffs attorney mailed Defendants a letter informing Defendants that Plaintiffs are represented by an attorney firm and demanding that Defendants cease all communications with Plaintiffs.

6.5    Nevertheless, despite knowing that Plaintiffs are represented by a law firm and despite the demand to cease all communications with Plaintiffs, Defendants communicated by letter to Plaintiffs in an attempt to collect the debt.

6.6    Defendants' contacts therefore violated the FDCPA.

6.7    Plaintiffs were injured by Defendants' actions.

6.8    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

6.9    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.10   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff(s) and other Washington debtors from similar harm.

## VII.   SECOND CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Unfair Practices – Harassment – Threats)

7.1    Plaintiffs re-allege paragraphs 1 through 6, inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                    8                 Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

7.2     The Fair Debt Collection Practices Act (FDCPA) states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

7.3     The act further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7.4     The FDCPA also states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

7.5     In this case, Defendants arbitrarily increased the amount of the debt by over $4,300.  Defendants labeled the $4,300 as "Collection Costs."  However, those "Costs" were never actually incurred by Defendants or the original creditor.

7.6     Moreover, to add insult to injury, despite the fact that Defendants knew that Plaintiffs are represented, and despite the fact that Defendants knew that Plaintiffs disputed and refused to pay the debt, and despite Plaintiffs' attorney's demand to cease all communications with Plaintiffs, Defendants still communicated with Plaintiffs at least one time in attempt to collect the debt.

7.7     Because Plaintiffs were represented and because Plaintiffs disputed and refused to pay the debt, the only purpose that could have possibly been served by Defendants directly contacting Plaintiffs would be to harass, oppress, or abuse Plaintiffs in connection with the collection of the disputed debt.

7.8     Simply stated, after Plaintiffs informed Defendants that Plaintiffs are represented by an attorney, and after Plaintiffs instructed Defendants to cease

PLAINTIFFS' COMPLAINT                    9

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

communications, and after Plaintiffs disputed and refused to pay the debt, Defendants' only remaining enforcement option was to file a civil suit to enforce the debt. The only purpose that could have possibly been served by continued collection contacts would be to harass, annoy, embarrass, frustrate, or abuse Plaintiffs.

7.9     Defendants' contacts therefore violated the statute.

7.10   Defendants' addition of amounts (over $4,300) which were not expressly authorized by the agreement creating the debt or permitted by law, violated the statute.

7.11   Plaintiffs were injured by Defendants' actions.

7.12   Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

7.13   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.14   Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## VIII.  THIRD CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation
### (False, Deceptive, or Misleading Representations)

8.1     Plaintiffs re-allege paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2     The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading

PLAINTIFFS' COMPLAINT                    10

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

8.3     The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…." 15 U.S.C. §1692e(2).

8.4     The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §1692e(5)

8.5     The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

8.6     In this case, Defendants filed a collection lawsuit with the County District Court, which alleged that Plaintiffs owed over $4,300 in "Collection Costs."

8.7     Plaintiffs never owed $4,300 in "Collection Costs."  In fact, Defendants arbitrarily added this amount to the amount of the debt because Defendants believe that it is legal for Defendants to arbitrarily add "Collection Costs" to collection accounts.

8.8     Where the "Collection Costs" were not earned or incurred, adding the "Collection Costs" to the County District Court lawsuit was a false, deceptive, and misleading representation or means in connection with the collection of the debt.

PLAINTIFFS' COMPLAINT                              11

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

8.9    Where the "Collection Costs" were not earned or incurred, adding the "Collection Costs" to the County District Court lawsuit was a false representation of the character, amount, or legal status of a debt.

8.10    Where the "Collection Costs" were not earned or incurred, adding the "Collection Costs" to the County District Court lawsuit was a threat to take action that cannot legally be taken because Defendants had no legal, contractual, or equitable right to collect an additional $4,320.58.

8.11    Where the "Collection Costs" were not earned or incurred, adding the "Collection Costs" to the County District Court lawsuit amounted to using false representations or deceptive means to collect or attempt to collect the debt.

8.12    Defendants therefore violated the above-cited sections of the Fair Debt Collection Practices Act by arbitrarily increasing the amount of the debt by $4,320.58, and by filing a lawsuit to collect the arbitrary amount.

8.13    Plaintiffs were injured by Defendants' actions.

8.14    Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

8.15    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.16    Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## IX.    FOURTH CAUSE OF ACTION

### (State Collection Agency Act Violation)

9.1    Plaintiffs re-allege paragraphs 1 through 8, inclusive as though fully set forth herein.

PLAINTIFFS' COMPLAINT                    12

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

9.2     The Washington Collection Agency Act (CAA) states that it is an unfair practice to: "Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs…." RCW 19.16.250(18).

9.3     The CAA also states that it is an unfair practice to: "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor…." RCW 19.16.250(12).

9.4     The CAA also states that it is an unfair practice to: "Communicate with the debtor after notification in writing from an attorney representing such debtor that all further communications relative to a claim should be addressed to the attorney…." RCW 19.16.250(10).

9.5     In this case, Defendants arbitrarily increased the amount of the debt by adding "Collection Costs" of "$4,320.58." These amounts were not earned or incurred.

9.6     Additionally, Defendants received written notification that Plaintiffs are represented by an attorney.

9.7     Nevertheless, Defendants communicated with the represented Plaintiffs in attempt to collect the debt.

9.8     Defendants violated the statute by communicating with a represented debtor.

9.9     Defendants violated the statute by attempting to collect in addition to the principal amount of the debt, sums other than allowable fees expressly authorized by statute.

PLAINTIFFS' COMPLAINT                    13

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

9.10   Plaintiffs were injured by Defendants' actions.

9.11   Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

9.12   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.13   Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## X.   FIFTH CAUSE OF ACTION

### (*Per Se* Consumer Protection Act Violation)

10.1   Plaintiffs re-allege paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2   Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

10.3   The Washington CPA applies to the actions at issue herein because the Plaintiffs are "consumers" and the Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiffs were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

10.4   Additionally, the Washington Collection Agency Act prohibits communicating with a represented debtor and attempting to collect unauthorized amounts arbitrarily added to a debt. RCW 19.16.250(9)(18).

10.5   The Collection Agency Act states that collection violations are *per se* violations of the Consumer Protection Act.  RCW 19.16.440.

PLAINTIFFS' COMPLAINT                14

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

10.6   In this case, Defendants violated the Collection Agency Act.  See ¶IX Supra.

10.7   Therefore, Defendants' actions represent *per se* violations of the Washington State Consumer Protection Act.

10.8   Plaintiffs were injured by Defendants' actions.

10.9   Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

10.10 Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.11 Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XI.   SIXTH CAUSE OF ACTION

### (Consumer Protection Act Violation – *In the Alternative*)

11.1   Plaintiff re-alleges paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2   In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

11.3   One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which

PLAINTIFFS' COMPLAINT                15                Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

11.4   The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violative of the state Consumer Protection Act. 15 U.S.C. §1692 et seq.

11.5   In addition to examining federal statutes to determine if a specific act is unfair and violative of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

11.6   In Testo, the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned.

Testo at 350.

11.7   Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if the defendant violated Washington's CPA in the case at hand.

11.8   Under the FDCPA, it is an unfair act/practice to harass a debtor, or communicate with a debtor after receiving written notice of representation from the debtor's attorney, or to attempt to collect an amount not authorized by contract or law, or to threaten a debtor with actions the collector does not intend

PLAINTIFFS' COMPLAINT                          16

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

to take or cannot take at the time the threat is made, or to engage in any other acts that are unfair or deceptive.

11.9   In this case, Defendants violated the FDCPA and the Washington Collection Statute.  <u>See</u> ¶ IX – X, <u>Supra</u>.

11.10 Where Defendants' collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and state collection statute, Defendants' collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

11.11 Plaintiffs were injured by Defendants' actions.

11.12 Defendants' actions are a direct and proximate cause of Plaintiffs' injuries.

11.13 Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

11.14 Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

## XII.   <u>SEVENTH CAUSE OF ACTION</u>

### <u>(Outrage)</u>

12.1   Plaintiffs re-allege paragraphs 1 through 11, inclusive as though fully set forth herein.

12.2   Defendants should be held liable for Outrage and associated damages under the FDCPA, regardless of state law requirements for the tort of outrage.  (See <u>Grassley v. Debt Collectors, Inc.</u>, District of Oregon (1992)).

12.3   In this case, Defendants attempted to arbitrarily increase the amount of the debt by over $4,300.  Defendants then filed a lawsuit against Plaintiffs in

PLAINTIFFS' COMPLAINT                    17                   Robert Mitchell, Attorney at Law
                                                              901 N. Monroe, Suite 356
                                                              Spokane, WA  99201
                                                              (509) 327-2224     Fax (509) 327-3374

attempt to collect the erroneous amount.  Defendants also communicated directly with Plaintiffs despite having absolute knowledge that Plaintiffs are represented by an attorney.

12.4    Defendants' aggressive collection actions were extreme, outrageous, unconscionable, intentional, willful and wanton, and served no other purpose but to annoy, harass, intimidate, and intentionally cause severe mental and emotional distress with the intent of coxing Plaintiffs into paying this erroneous debt.

12.5    Defendants' conduct caused Plaintiffs extreme mental and emotional distress.

12.6    Defendants' conduct caused undue stress, anxiety, loss of sleep, and headaches, immediately after the telephone contacts in question.

12.7    Defendants' conduct was a direct and proximate cause of Plaintiffs' injuries.

12.8    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

12.9    Defendants' actions illustrate why an injunction is necessary to protect Plaintiffs and other Washington debtors from similar harm.

### XIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for judgment to be entered against the Defendants as follows:

A.    For an Injunction preventing Defendants from ever again adding "Collection Costs" to a collection account unless the amount is authorized by contract or law, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins.</u>

PLAINTIFFS' COMPLAINT                                            18

Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

    B.    For an Injunction preventing Defendants from ever againcontacting Plaintiffs for any reason whatsoever, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

    C.    For an Injunction preventing Defendants from refusing to cease communications with any Washington State resident, debtor or consumer after receiving a written demand to cease such communications, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

    D.    For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

    E.    For an Injunction preventing Defendants from ever again communicating with any Washington State debtor, resident or consumer who Defendant knows to be represented by an attorney, pursuant to RCW <u>19.86.090</u>, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley</u>

PLAINTIFFS' COMPLAINT       19

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

      F.    For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

      G.    For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

      H.    For Intentional Infliction of Emotional Distress Damages in the amount of $10,000, pursuant to 15 U.S.C. §1692 et seq.; and Baker v. G.C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982);

      I.    For Statutory damages in the amount of $2,000 pursuant to 15 U.S.C. §1692, et seq.;

      J.    For Incidental and Consequential damages in an amount to be proven at trial;

PLAINTIFFS' COMPLAINT       20

K.     For treble any "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

L.     For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692, et seq. and RCW 19.86, et seq.;

M.     For interest on the above amounts as authorized by law;

N.     For other relief as the Court deems just and equitable; and

O.     For leave to amend this complaint as needed and as required.

## XIV.  **REQUEST FOR TRIAL BY JURY**

Plaintiffs hereby request a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.


DATED this   7th   day of March, 2011.


Respectfully submitted,


S/Robert Mitchell
ROBERT MITCHELL, WSBA #37444
Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT                    21                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374