UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SONJA and DAVID RIECK,

                Plaintiffs,

     v.

RENTON COLLECTIONS, INC., *et al.*,

                Defendants.

No. C11-5182RSL

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

        This matter comes before the Court on plaintiffs' "Motion for Temporary Restraining Order in Accordance with the Injunctive Relief Provided for Under the Washington Collection Agency Act and Consumer Protection Act." Dkt. # 1. Plaintiffs seek an order enjoining defendants from prosecuting a pending state action.

        Although the procedure for obtaining a temporary restraining order differs from that which is applicable in the preliminary injunction context, the factors considered by the Court are the same. In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). In addition, "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a

ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER

likelihood of irreparable injury and that the injunction is in the public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted).

   Plaintiffs have asserted claims under the Fair Debt Collection Practices Act, the Washington Collection Agency Act, and the Washington Consumer Protection Act and argue that two of these statutes authorize the issuance of an injunction against illegal debt collection activities. Plaintiffs have not, however, made any effort to show that defendants violated the relevant statutes or that plaintiffs are likely to prevail on the merits of one or more of their claims. Moreover, the specific relief plaintiffs seek – an injunction of the collection lawsuit defendants instituted in Island County Superior Court on May 24, 2010 – is expressly prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. There is no indication in the record that any of the exceptions to the Act apply. Even if there were some equivocal justification for enjoining the pending state action, "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 805 (9th Cir. 2002) (quoting <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 297 (1970)).

   For all of the foregoing reasons, plaintiffs' motion for a temporary restraining order (Dkt. # 2) is DENIED.

   Dated this 9th day of March, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER  -2-